# EXHIBIT A

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FILED MAR 22 2013 CIRCUIT COURT CLERK BY _____ D.C.

| | | |
|---|---|---|
| DIANE GEORGE, | * | |
| Plaintiff, | * | |
| v. | * | No. CT-001280-13 |
| | * | **Jury Demanded** |
| TALBOTS, INC., | * | Div. IV |
| Defendants. | * | |

# COMPLAINT FOR AGE AND/OR RACE DISCRIMINATION IN EMPLOYMENT

Plaintiff Diane George for her complaint against the Defendant Talbot's, Inc., states as follows:

I.

This cause of action is instituted pursuant to the provisions of the Tennessee Human Rights Act (THRA), T.C.A. §§ 4-21-101 et seq., which protect against and secure redress from age and/or race discrimination in employment.

II.

The Plaintiff, Diane George, is a resident of Shelby County, Tennessee, a Caucasian, and was age fifty-three (53) at the time of the events complained of herein.

III.

The Defendant, Talbots, Inc., is a Massachusetts corporation doing business in Shelby County, Tennessee. The wrongful acts complained of herein took place within the jurisdiction of

this Court. At all relevant times complained of herein the Defendant was an employer as contemplated by T.C.A. § 4-21-102(4).

IV.

On March 22, 2012, the Defendant's Store Manager met with the Plaintiff and told her she was terminated. The reason given for termination was that Plaintiff's position of part-time Sales Supervisor was being cut in a store restructuring.

V.

Prior to this termination, the Plaintiff had provided loyal and diligent service to the Defendant company for a year and a half as a Sales Supervisor. At the time of her termination, she was working in the Talbot's store in Collierville, Tennessee, which is owned and operated by the Defendant.

VI.

After the Plaintiff was terminated, a younger individual, who is black, was not only retained but was promoted to full-time Assistant Manager of the store instead of the Plaintiff. This individual had been working for less than six months in the same position as Plaintiff.

VII.

Plaintiff avers that she was selected for termination and denied promotion to the full-time Assistant Manager position because of unlawful age and/or race discrimination against her in violation of the Tennessee Human Rights Act, T.C.A. §§ 4-21-101 et seq.

VIII.

As a result of this discriminatory termination and denial of promotion, Plaintiff has suffered, and will continue to suffer, a loss of considerable pay and benefits, as well as mental

distress, humiliation and embarrassment, and loss of enjoyment of life. Plaintiff avers that she is, therefore, entitled to recover all lost pay and benefits, with interest, plus compensatory damages to compensate her for her injury and make her whole for all losses suffered, as well as recover attorney's fees and costs.

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays as follows:

1. That the Court find that the Defendant discriminated against the Plaintiff when it selected her for termination instead of the younger black employee and denied her promotion to the full-time Assistant Manager position because her race and/or age in violation of the Tennessee Human Rights Act, declare such practices of Defendant unlawful, and enjoin the Defendant from any further discrimination;

2. That this Court order the Defendant to reinstate Plaintiff to the Assistant Manager position or a comparable position, with full seniority and benefits, or in lieu of reinstatement, order front pay and benefits until her reinstatement;

3. That this Court award the plaintiff all of her lost pay and benefits, with interest, plus compensatory damages in the amount of THREE HUNDRED THOUSAND DOLLARS or such other amount as the jury deems reasonable to sufficiently compensate Plaintiff for her injury and make her whole for all losses suffered;

4. That the plaintiff be awarded reasonable attorney's fees and expenses for this action; and

5. That the plaintiff be awarded such other and further relief as may be deemed just and proper.

Plaintiff demands a jury to try this case when the issues are joined.

Respectfully submitted,

**NORWOOD & ATCHLEY**

*/s/ Dan M. Norwood*

Dan M. Norwood
266 South Front Street, Suite 206
Memphis, Tennessee 38103
Tel: (901) 528-8300
Fax: (901) 529-9101

Counsel for Plaintiff

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

DIANE GEORGE,

    Plaintiff,

v.                                  No. CT-001280-13 Div. IV
                                    **Jury Demanded**

TALBOTS, INC.,

    Defendants.

## WAIVER OF SERVICE OF SUMMONS

TO:    Dan M. Norwood
          Norwood & Atchley
          266 South Front Street
          Suite 206
          Memphis, TN 38103

I hereby acknowledge receipt of your request that I waive service of a summons in the action of Diane George v. Talbots, Inc., which is Case No. CT-0001280-13, filed in the Circuit Court of Shelby County, Tennessee. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.07 of the Tennessee Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the venue or to the jurisdiction of the court over the person of the defendant except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after May 31, 2012.

DATE: June 28, 2013

_____
Signature